UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEAN-CLAUDE MOUSTACAKIS and IZABELA OLENDSKA-MOUSTACAKIS, Individually and on Behalf of All Others Similarly Situated, *individually and on behalf of all others similarly situated*, Plaintiffs, -v- iTONIC HOLDINGS LTD (f/k/a PHETON HOLDINGS LTD); JIANFEI ZHANG; ZHIXIN LI; PENGFEI ZHANG; CATHAY SECURITIES, INC.; DOMINARI SECURITIES LLC; and MARCUM ASIA CPAS LLP, Defendants. | 26-CV-6484 (AS) ORDER |

ARUN SUBRAMANIAN, United States District Judge:

On July 29, 2026, Plaintiff filed a class action lawsuit on behalf of"persons and entities that purchased or otherwise acquired PTHL securities between September 5, 2024, and July 29, 2025." Docket No. 1, ¶ 1. The Complaint alleges violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5, promulgated thereunder.

As explained in the Court's Order dated August 19, 2026, Dkt. No. 16, Section 78u-4(a)(3)(A) of the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(A), requires that within twenty days of the filing of the complaint, Plaintiff shall "cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class . . . of the pendency of the action, the claims asserted therein, and the purported class period." 15 U.S.C. § 78u-4(a)(3)(A)(i). The PSLRA also

provides that "**not later than 60 days after the date on which the notice is published**, any member of the purported class may move the court to serve as lead plaintiff of the purported class." *Id.* In addition, the Act requires that not later than 90 days after the date on which notice is published, the Court shall consider any motion made by a purported class member in response to the notice and shall appoint as lead plaintiff the member or members of the purported plaintiff class that the Court determines to be most capable of adequately representing the interests of class members. *See id.* § 78u-4(a)(3)(B)(i). In the event that more than one action on behalf of a class asserting substantially the same claim or claims has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the Court shall not appoint a lead plaintiff until after a decision on the motion to consolidate is rendered. *See id.* § 78u-4(a)(3)(B)(ii).

Plaintiff's counsel notified the Court that the required notice was published on **July 31, 2026**. Dkt. No. 18. Members of the purported class therefore have until **September 29, 2026,** to move the Court to serve as lead plaintiffs. It is further ORDERED that opposition to any motion for appointment of lead plaintiff shall be served and filed by **October 9, 2026**.

Finally, it is hereby ORDERED that a conference shall be held on **October 16, 2026,** at **1:30 p.m.** in **Courtroom 15A** of the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, NY 10007, to consider any motions for appointment of lead plaintiff and lead counsel and for consolidation.

If an amended complaint or a related case is filed prior to appointment of a lead plaintiff, Plaintiff's counsel shall, **within one week**, submit a letter to the Court identifying any differences between the allegations in the new complaint(s) and the allegations in the original complaint (including but not limited to any differences in the claims asserted and the relevant class periods) and showing cause why the Court should not order republication of notice under the PSLRA and

set a new deadline for the filing of motions for appointment. *See, e.g.*, *Hachem v. Gen. Elec. Inc.*, No. 17-CV-8457 (JMF), 2018 WL 1779345 (S.D.N.Y. Apr. 11, 2018).

It is further ORDERED that the named plaintiffs shall promptly serve a copy of this Order on each of the defendants.

SO ORDERED.

Dated: August 24, 2026
New York, New York

ARUN SUBRAMANIAN
United States District Judge